UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT MODULAR, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-CV-04377-JPB |

# ORDER

Before the Court is Zurich American Insurance Company's ("Plaintiff") Renewed Motion for Default Judgment against Defendant Eldeco Pipe and Fabrication, LLC ("Eldeco") [Doc. 22] and Plaintiff's Second Motion for Extension of Time to Effectuate Service by Publication as to Defendant Patriot Modular, LLC ("Patriot") [Doc. 26]. This Court finds as follows:

## BACKGROUND

### A.  The Underlying Lawsuit

On September 13, 2019, IHI E&C International Corporation ("IHI") filed suit against Robinson Mechanical Contractors, Inc. d/b/a Robinson Construction Company ("Robinson") and Fidelity and Deposit Company of Maryland for faulty

construction work completed on Elba Island, Georgia (the "Underlying Lawsuit").[1] See [Doc. 1, p. 2]; see also IHI E&C Int'l Corp. v. Robinson Mech. Contractors, Inc., No. 1:19-CV-04137 (N.D. Ga. Sept. 13, 2019).  During the construction project, Robinson entered into two subcontracts with Patriot to complete the piping work for the project including procurement of materials, fabrication, welding, testing and inspection.  [Doc. 1, pp. 3, 7].  Patriot, in turn, subcontracted Eldeco to provide all of the necessary labor, materials, equipment, supervision and warranties for the pipe fabrication.  Id. at 7.

On March 23, 2020, Robinson filed a Third-Party Complaint against Patriot alleging defective work and breach of contract for the work it performed under the piping subcontracts.  See Third-Party Compl. Against Patriot Modular LLC, IHI E&C Int'l Corp., No. 1:19-CV-04137 (N.D. Ga. Mar. 23, 2020).  On August 10, 2022, Patriot filed a Fourth-Party Complaint against Eldeco, alleging that Eldeco should be found liable to Patriot to the same extent and amount that Patriot might be found liable to Robinson.  See [Doc. 1-3, p. 9].  In short, Robinson alleges that Patriot's work was faulty and defective, and Patriot alleges that Eldeco's work was faulty and defective.  [Doc. 1, p. 3].  On January 10, 2024, the parties filed a joint stipulation of voluntary dismissal in the underlying lawsuit.  See Stipulation of

---

[1] The Underlying Lawsuit was brought under Georgia law.

Dismissal, IHI E&C International Corporation, No. 1:19-CV-04137 (N.D. Ga. Jan. 10, 2024).

**B.   The Instant Action**

On November 2, 2022, Plaintiff filed a Complaint for Declaratory Judgment against Eldeco and Patriot wherein it alleges that it issued a Commercial General Liability Coverage Policy (the "Policy") to Eldeco, effective from March 1, 2018, to March 1, 2019.  [Doc. 1, p. 9].  Plaintiff contends that is has no duty to indemnify Eldeco and Patriot under the Policy because (1) "[t]here is no 'property damage' within the meaning of the Policy" and (2) "[t]he claims asserted in the Underlying Lawsuit are otherwise precluded and/or limited from coverage by the application of one or more provisions, exclusions and/or endorsements contained in the Policy."  Id. at 16.  Therefore, Plaintiff seeks a declaratory judgment that it has no duty under the Policy to defend, indemnify or otherwise pay any defense costs to Eldeco or Patriot in connection with the Underlying Lawsuit.  Id. at 3, 16–17.  Plaintiff's Complaint also includes excerpts of the Policy and attaches a copy of the Policy.  See id. at 9–15; [Doc. 1-1].

Plaintiff served Eldeco on November 11, 2022.  [Doc. 6].  Eldeco did not respond to the Complaint by the December 22, 2022 deadline, and therefore, the Clerk entered default as to Eldeco on December 12, 2022.  See December 12, 2022

Docket Entry.  On January 26, 2023, Plaintiff filed its first Motion for Default Judgment as to Eldeco (the "First Motion").  [Doc. 8, p. 3].  In Plaintiff's First Motion, Plaintiff sought a declaratory judgment relieving it of both the obligations to defend and indemnify Eldeco in the Underlying Lawsuit.  The Court denied the First Motion as to the obligation to indemnify Defendant Eldeco because the underlying lawsuit was still pending and thus, the issue of indemnification was not ripe.  See [Doc. 13].  The Court also denied the First Motion as to Plaintiff's obligation to defend Eldeco in the Underlying Lawsuit because the Court found that Plaintiff's allegations were insufficient to support a default judgment.  See id.

On August 22, 2023, Plaintiff filed an Amended Compliant, [Doc. 16], and served Eldeco on August 28, 2023, [Doc. 20].[2]  Eldeco again did not respond to the Amended Complaint by the September 18, 2023 deadline, and therefore, the Clerk entered default as to Eldeco on October 4, 2023.  See October 4, 2023 Docket Entry.  Plaintiff then filed the instant renewed Motion for Default Judgment as to

---

[2]  Plaintiff filed a Motion for Service by Publication as to Patriot on March 3, 2023, which the Court granted on July 26, 2023.  [Doc. 11]; [Doc. 13].  Upon Plaintiff's motion, the Court extended the deadline for Plaintiffs to effectuate service by publication on January 26, 2024.  See January 26, 2024 Docket Entry.  On March 26, 2024, Plaintiffs filed the instant second Motion for Extension of Time to Effectuate Service by Publication.  [Doc. 26].  Plaintiffs then filed an affidavit of service by publication on April 22, 2024.  [Doc. 27].  For good cause shown, the second Motion for Extension of Time is GRANTED.

4

Eldeco (the "Second Motion"), wherein it seeks the same relief from the First Motion: a declaratory judgment relieving it of both the obligations to defend and indemnify Defendant Eldeco in the Underlying Lawsuit. [Doc. 22]. The Second Motion is now ripe for review.

## ANALYSIS

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Default judgments are typically disfavored. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Id. at 1245 (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). In other words, "a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint" prior to entering default judgment. Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988); see also Functional Prods. Trading, S.A. v. JITC, LLC, No. 1:12-CV-0355, 2014 WL 3749213, at *11 (N.D. Ga. July 29, 2014) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and the Court must determine "whether the complaint 'contain[s] sufficient factual matter, accepted as

5

true, to state a claim to relief that is plausible on its face.'" Surtain, 789 F.3d at 1245 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Importantly, "[t]he entry of a default judgment is committed to the discretion of the district court," Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), and "'in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments,'" Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC, No. 09-60756-CIV, 2009 WL 3400519, at *4 (S.D. Fla. Oct. 20, 2009) (quoting Marshall & Ilsley Tr. Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987)).  In fact, the Eleventh Circuit Court of Appeals has held that it is "sound policy" to refrain from entering judgment "against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imps., 740 F.2d 1499, 1512 (11th Cir. 1984).

Further, "[d]efault judgments are appropriate in declaratory judgment actions relating to insurance coverage." U.S. Auto. Ass'n v. Dimery, No. 1:09-CV-0015, 2009 WL 10672385, at *1 (N.D. Ga. Apr. 3, 2009).  In a declaratory judgment case, "[a] district court may . . . enter default judgment against some parties to an action without binding or affecting the rights of other defendants actively litigating the case." Great Am. Assurance Co. v. Stover, No. 1:20-CV-2635, 2021 WL 5033476, at *3 (N.D. Ga. May 24, 2021).  However, "courts

routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated." Glob. Aerospace, Inc., 2009 WL 3400519, at *5.

Here, Plaintiff seeks a declaratory judgment relieving it of both the obligations to defend and indemnify Eldeco in the Underlying Lawsuit. However, as explained above, Eldeco is only one of two Defendants named in this case; Plaintiff filed an affidavit of service by publication as to Patriot on April 22, 2024, and it is therefore possible that Patriot may appear and respond. Regardless, at this time, the record does not reflect that Patriot is in default. Therefore, because Plaintiff seeks the same declaratory relief as to all Defendants, the Court is not convinced that default judgment as to Eldeco is appropriate at this time. Indeed, issuing a default declaratory judgment against Eldeco risks inconsistent judgments, particularly given the fact that Plaintiff's claims against the remaining non-default Defendant, Patriot, are still pending.

Other courts in the Eleventh Circuit have declined to enter default judgment under similar circumstances. In Essex Insurance Co. v. Anchor Marine Environmental Services, the court observed that "[t]he possibility of an inconsistent judgment [was] even more apparent" where the defendants were "similarly situated with respect to the relief sought," specifically, a declaration

regarding rights and obligations under a policy issued by the plaintiff.  No. 6:10-CV-340, 2010 WL 5174025, at *2 (M.D. Fla. Nov. 18, 2010), <u>R. & R. adopted</u>, 2010 WL 5174019 (M.D. Fla. Dec. 15, 2010).  Without "any indication that entry of final judgment solely against this defendant [was] necessary or appropriate at this point," the court denied default judgment.  <u>Id.</u>  Similarly, another court declined to enter default judgment when doing so "would create the potential of incongruous judgments being reached against the defaulting and non-defaulting [d]efendants concerning the exact same issue of coverage under the . . . insurance policy."  <u>Country Mut. Ins. Co. v. Goldman</u>, No. 2:19-CV-881, 2020 WL 1644289, at *2 (M.D. Ala. Apr. 2, 2020).  Plaintiff did not address the issue of inconsistent judgments in its Second Motion, and it did not indicate to this Court why default judgment is necessary at this point in the litigation.  The Court is sympathetic to Petitioner in light of Eldeco's continued failure to respond in this action.  However, cognizant of the risk of conflicting judgments, the Court declines to enter default judgment at this time.

## CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment as to Eldeco [Doc. 22] and **GRANTS** Plaintiff's Second Motion for Extension of Time [Doc. 26].  Should Patriot appear in this action, Plaintiff

may refile the Motion for Default Judgment as to Eldeco pending adjudication of the merits of the case with respect to Patriot.  Should the Clerk enter default against Patriot, Plaintiff can then file a Motion for Default Judgment as to both Defendants.

      **SO ORDERED** this 13th day of May, 2024.

                                                            _____
                                                             J. P. BOULEE
                                                             United States District Judge